N. J. Dept. Labor—Vitalare v. Hamilton Rubber Co.

---

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

CARMELA VITALARE, petitioner,

*v.*

HAMILTON RUBBER COMPANY, respondent.

**Loss of Vision—Apparently Permanent—Splashing of Fluid— Questions of Fact and of Medicine—Liability for Intermediate Disability Only.**

On petition for compensation.

This is a case arising under the Workmen's Compensation act, in which the petitioner seeks to secure compensation for loss of vision, apparently permanent, which he alleges resulted from the accidental splashing into his eyes of a fluid used in dissolving rubber. The question is not only one of fact, but is also a medical one. With regard to the former, the testimony was very contradictory. Considerable testimony was introduced, and in about equal amount; that

prior to the occurrence the petitioner's eyes were normal. and also that they were not. I am led to conclude that this man's eyes must have been affected sufficiently so as to cause some persons to observe it and others not to notice it.

At the hearing testimony was introduced to show that others who had experienced a like occurrence, with presumably the same fluid, had never suffered any ill effects. It may be that the condition of the petitioner's eyes rendered him more liable to injury. but regardless of this the fact is that about a week subsequent to the accident he was obliged to seek medical aid. Dr. Ignazio M. Gangialosi, of New York, testified that he found the patient suffering greatly, and there was evidence of small pin-point burns, which eventually resulted in zehrosis at these points. This condition, he declared, is permanent, but did not, as located, effect the vision. During treatment it was discovered the patient had contracted trachoma, a disease acquired only by contagion, the origin of which could not possibly be traumatic. The period of disability resulting from this overlapped the period required for the healing of the burns, causing the zerhosis, making it impossible to determine the exact period of disability due to the latter affection. From the doctor's lengthy testimony I conclude this period was four months.

The petitioner's attorney endeavored to establish that the contracting of the trachoma was really the outcome of increased exposure due to the previous eye condition. This is a possibility, but there is nothing in the medical testimony which can be held to establish it as a fact. I hardly think it can be held that a mere possibility establishes an assumption as a fact.

The testimony of Dr. Gangialosi, Dr. Charles A. Adams and Dr. D. M. Yazujian leads to the conclusion that the loss of vision which the petitioner now suffers is due. not to the zehrosis caused by the burns which have now healed, but to the progress of the trachoma, the origin of which is not traceable. This affliction is progressive, and I am led to conclude that the petitioner was suffering therefrom, in its

earlier stages, prior to the accident in question, that this condition would have progressed to its present stage throughout the intervening time, and that into the middle of this period has been interjected an independent period of disability caused by the accident.

It is therefore only for this period of intermediate disability that the employer can be held responsible. An order will be drawn up accordingly.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*